**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO ANTON; MAYRA DOLORES MARTINEZ LEAL, | No. 12-72070 |
| Petitioners, | Agency Nos.  A075-653-149 |
| | A095-317-278 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Rosario Anton and Mayra Dolores Martinez Leal, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial

of their motion to reopen removal proceedings.  We have jurisdiction under

8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' untimely motion to reopen based on changed country conditions, where petitioners' motion failed to specifically identify any evidence presented to show that conditions in Mexico had in fact changed from the time of their initial removal hearing. *See* 8 C.F.R. § 1003.2(c); *see also Najmabadi*, 597 F.3d at 987 (requiring that evidence of changed country conditions "be 'qualitatively different' from the evidence presented at the previous hearing") (citation omitted). We reject petitioners' contentions that the BIA applied the incorrect legal standard and/or failed to adequately review the evidence. *See Najmabadi*, 597 F.3d at 990-91 (BIA adequately considered evidence and sufficiently announced its decision); *see also Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir. 1994) ("[T]he preciseness we require of the Board depends upon the preciseness of the proof offered by the petitioner."). Finally, we reject petitioners' contention that the BIA erred by failing to make a finding regarding whether petitioners are members of a particular social group. *See Najmabadi*, 597 F.3d at 986 (BIA may deny a motion to reopen on any of at least three separate grounds).

**PETITION FOR REVIEW DENIED.**